Liza M. Walsh
WALSH PIZZI O'REILLY FALANGA LLP
One Riverfront Plaza
1037 Raymond Boulevard, Suite 600
Newark, NJ 07102
Tel: 973-757-1100
Fax: 973-757-1090

*Attorneys for Plaintiffs Gilead Sciences, Inc. and Emory University*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GILEAD SCIENCES, INC. and EMORY UNIVERSITY, <br><br> Plaintiffs, <br><br> v. <br><br> AMNEAL PHARMACEUTICALS, LLC, <br><br> Defendant. | Civil Action No. <br><br> *Electronically Filed* |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Gilead Sciences, Inc. ("Gilead") and Emory University ("Emory") (collectively, "Plaintiffs"), for their complaint against Amneal Pharmaceuticals, LLC ("Amneal"), hereby allege as follows:

## Nature of Action

1.      This is an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code.

## The Parties

2.      Gilead is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 333 Lakeside Drive, Foster City, California 94404.

3.      Emory is a non-profit corporation of the State of Georgia, having an office at 201 Dowman Drive, Atlanta, Georgia 30322.

4.      On information and belief, defendant Amneal is a is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business at 400 Crossing Boulevard, Third Floor, Bridgewater, New Jersey 08807-2863.

## Jurisdiction and Venue

5.      This action arises under the Patent Laws of the United States and the Food and Drug Laws of the United States, Titles 35 and 21 of the United States Code.  Jurisdiction is based on 28 U.S.C. §§ 1331 and 1338(a).

6.      On information and belief, this Court has personal jurisdiction over Amneal.

7.      On information and belief, Amneal is a generic pharmaceutical company in the business of marketing and distributing generic drug products, and derives substantial revenue from selling various pharmaceutical drug products and doing business throughout the United States, including in New Jersey.

8.      On information and belief, Amneal, itself or through one of its wholly-owned subsidiaries, manufactures pharmaceutical drug products that are sold and used throughout the United States, including in New Jersey.

9.      On information and belief, Amneal, itself or through one of its wholly-owned subsidiaries, owns manufacturing facilities in New Jersey that are used to make pharmaceutical drug products.

10.     On information and belief, residents of New Jersey purchase pharmaceutical drug products from Amneal in New Jersey.

11.     On information and belief, Amneal is registered with the State of New Jersey to do business as a foreign limited liability company in New Jersey.

2

12.     On information and belief, Amneal is registered with the State of New Jersey Department of Health as a drug manufacturer and wholesaler under registration number 5002991.

13.     On information and belief, Amneal's submission of Abbreviated New Drug Application ("ANDA") No. 209721, discussed below, indicates Amneal's intention to engage in the commercial manufacture, use, sale and/or importation of products that will compete directly with Gilead's Truvada® product, which is currently being sold throughout the United States, including in New Jersey.  On information and belief, Amneal will sell tablets containing 200 mg of emtricitabine and 300 mg of tenofovir disoproxil fumarate for the use for which Amneal seeks approval in ANDA No. 209721, if approved, throughout the United States, including in New Jersey.

14.     On information and belief, Amneal has previously consented to personal jurisdiction in this District.

15.     Venue is proper in this District under 28 U.S.C. § 1391(b), (c), (d), and 28 U.S.C. § 1400(b).

### Background

16.     Gilead is the holder of New Drug Application ("NDA") No. 21-752 which relates to tablets containing 200 mg of emtricitabine and 300 mg of tenofovir disoproxil fumarate.  On August 2, 2004, the United States Food and Drug Administration ("FDA") approved the use of the tablets described in NDA No. 21-752 for the treatment of HIV-1 infection in adults.  These tablets are prescribed and sold in the United States under the trademark Truvada®.

17.     United States Patent No. 6,642,245 ("the '245 Patent," copy attached as Exhibit A), entitled "Antiviral Activity and Resolution of 2-Hydroxymethyl-5-(5-fluorocytosin-1-yl) -1,3-oxathiolane," was duly and legally issued by the United States Patent and Trademark Office on November 4, 2003.  The '245 Patent claims, *inter alia*, methods for treating HIV infection in

humans with emtricitabine (one of the active ingredients in Truvada®), and is listed in the

*Approved Drug Products with Therapeutic Equivalence Evaluations* ("FDA Orange Book") for

Truvada®.

18.     United States Patent No. 6,703,396 ("the '396 Patent," copy attached as Exhibit B),

entitled "Method of Resolution and Antiviral Activity of 1,3-Oxathiolane Nucleoside

Enantiomers," was duly and legally issued by the United States Patent and Trademark Office on

March 9, 2004.  The '396 Patent claims, *inter alia*, emtricitabine (one of the active ingredients in

Truvada®), and is listed in the FDA Orange Book for Truvada®.

19.     United States Patent No. 8,716,264 ("the '264 Patent," copy attached as Exhibit C),

entitled "Compositions and Methods for Combination Antiviral Therapy," was duly and legally

issued by the United States Patent and Trademark Office on May 6, 2014.  The '264 Patent claims,

*inter alia*, a pharmaceutical combination tablet containing emtricitabine and tenofovir disoproxil

fumarate (the two active ingredients in Truvada®) and methods for treating HIV infection in

humans with the emtricitabine and tenofovir disoproxil fumarate combination.  The '264 Patent is

also listed in the FDA Orange Book for Truvada®.

20.     Emtricitabine is a compound that has a molecular formula of $C_8H_{10}FN_3O_3S$, and

which has the following chemical structure:



21.     Emtricitabine can be referred to by any of several chemical names.  The chemical

name given to emtricitabine in the Emtriva® label is "5-fluoro-1-[(2R,5S)-2-(hydroxymethyl)-

1,3-oxathiolan-5-yl]cytosine."  Two chemical names recited for emtricitabine in the '245 Patent

are "(−)-β-L-2-hydroxymethyl-5-(5-fluorocytosin-1-yl) -1,3-oxathiolane" and

"β-L-2-hydroxymethyl-5-(5-fluorocytosin-1-yl)-1,3-oxathiolane."  Two chemical names recited

for emtricitabine in the '396 Patent are "(–)-cis-4-amino-5-fluoro-

1-(2-hydroxymethyl-1,3-oxathiolane-5-yl)-(1H)-pyrimidin-2-one" and "(–)-enantiomer of

cis-4-amino-5-fluoro-1-(2-hydroxymethyl-1,3-oxathiolane-5-yl)-(1H)-pyrimidin-2-one."

22.     The named inventors on the '245 and '396 Patents are Dennis C. Liotta, Raymond

F. Schinazi, and Woo-Baeg Choi.

23.     Dennis C. Liotta, Raymond F. Schinazi, and Woo-Baeg Choi assigned the '245 and

'396 Patents to Emory.

24.     Pursuant to an agreement entered into between Gilead and Emory, Gilead has

substantial rights in the '245 and '396 Patents, including, but not limited to, rights associated with

being a licensee of the '245 and '396 Patents, and the right to sue for infringement of the '245 and

'396 Patents.

25.     The named inventors of the '264 Patent are Terrence C. Dahl, Mark M. Menning

and Reza Oliyai.

26.     Terrence C. Dahl, Mark M. Menning and Reza Oliyai assigned the '264 Patent to

Gilead.

## COUNT 1
## Infringement of U.S. Patent No. 6,642,245

27.     Plaintiffs repeat and reallege paragraphs 1-26 above as if set forth herein.

28.     On information and belief, Amneal submitted or caused to be submitted ANDA

No. 209721 to the FDA seeking approval to engage in the commercial manufacture, use, sale

and/or importation of tablets containing 200 mg of emtricitabine and 300 mg tenofovir disoproxil

fumarate for the purpose of treating HIV infection.

29.     By letter dated February 21, 2017 pursuant to 21 U.S.C. § 355(j)(2)(B)(ii) (the "February 21, 2017 Notice Letter"), Amneal notified Plaintiffs that it had submitted ANDA No. 209721 to the FDA seeking approval to engage in the commercial manufacture, use, sale and/or importation of capsules containing 200 mg of emtricitabine and 300 mg tenofovir disoproxil fumarate prior to the expiration of the '245 Patent.  This complaint has been filed within 45 days of Plaintiffs' receipt of the February 21, 2017 Notice Letter.

30.     In its February 21, 2017 Notice Letter, Amneal notified Plaintiffs that, as a part of ANDA No. 209721, it had filed a certification of the type described in 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV") with respect to the '245 Patent.  Paragraph IV requires, *inter alia*, certification by the ANDA applicant, in its opinion and to the best of its knowledge, that the subject patent, here the '245 Patent, "is invalid or will not be infringed by the manufacture, use or sale of the new drug for which the application is submitted . . . ."  The statute (21 U.S.C. § 355(j)(2)(B)(iv)(II)) also requires a Paragraph IV Notice Letter to "include a detailed statement of the factual and legal basis of the opinion of the applicant that the patent is invalid or will not be infringed."  The FDA Rules and Regulations (21 C.F.R. § 314.95(c)(6)) further require that the detailed statement include "(i) [f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "(ii) [f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegations."

31.     Amneal alleged in its February 21, 2017 Notice Letter that Claims 1, 2, 4, 6, 7 and 8 of the '245 Patent are invalid and that Claims 3, 5, and 9-22 of the '245 Patent would not be infringed by the commercial manufacture, use, sale and/or importation of its proposed product that is the subject of ANDA No. 209721.

32.     The February 21, 2017 Notice Letter does not allege non-infringement of Claims 1, 2, 4, 6, 7 and 8 of the '245 Patent.

33.     The February 21, 2017 Notice Letter does not provide the full and detailed statement of Amneal's factual and legal basis to support its non-infringement and invalidity allegations as to the '245 Patent.

34.     Accordingly, the February 21, 2017 Notice Letter fails to comply with the law, as specified in 21 U.S.C. § 355(j) and FDA rules and regulations, as specified in 21 C.F.R. § 314.95.

35.     By filing ANDA 209721 under 21 U.S.C. § 355(j) for the purposes of obtaining approval to engage in the commercial manufacture, use, sale and/or importation of tablets containing 200 mg of emtricitabine and 300 mg tenofovir disoproxil fumarate before the '245 Patent's expiration, Amneal has committed an act of infringement of the '245 Patent under 35 U.S.C. § 271(e)(2).

36.     On information and belief, Amneal lacked a good faith basis for alleging invalidity when ANDA No. 209721 was filed and when the Paragraph IV certification was made.  Amneal's ANDA and Paragraph IV certification is a wholly unjustified infringement of the '245 Patent.

37.     Amneal's submission of ANDA No. 209721 and service of the February 21, 2017 Notice Letter indicates a refusal to change its current course of action.

38.     On information and belief, the commercial manufacture, use, sale and/or importation of tablets containing 200 mg of emtricitabine and 300 mg tenofovir disoproxil fumarate for which Amneal seeks approval in ANDA No. 209721, if approved, will infringe one or more claims of the '245 Patent.

39.     On information and belief, Amneal will directly or indirectly infringe at least Claim 1 of the '245 Patent.  Claim 1 recites a "method for treating HIV infection in humans comprising

7

administering an effective amount of [emtricitabine], or its physiologically acceptable salt, optionally in a pharmaceutically acceptable carrier." On information and belief, Amneal will infringe Claim 1 of the '245 Patent because the product for which it seeks approval in ANDA No. 209721 will be labeled for and used to treat HIV infection in humans with an effective amount of emtricitabine. In its February 21, 2017 Notice Letter, Amneal does not allege that Claim 1 would not be infringed by the commercial manufacture, use, sale, offer for sale and/or importation of its proposed product that is the subject of ANDA No. 209721. For the same reasons, on information and belief, Amneal will likewise infringe Claims 2, 4, 6, 7 and 8 of the '245 Patent.

40.     On information and belief, the tablets containing 200 mg of emtricitabine and 300 mg tenofovir disoproxil fumarate for the use for which Amneal seeks approval in ANDA No. 209721, if approved, will be administered to human patients in an effective amount for treating HIV infection. Such administration will infringe at least one claim of the '245 Patent, as described in the preceding paragraph. On information and belief, this administration will occur at Amneal's active behest and with its intent, knowledge and encouragement. On information and belief, Amneal will actively encourage, aid and abet this administration with knowledge that it is in contravention of Plaintiffs' rights under the '245 Patent. Further, by filing ANDA No. 209721 with a Paragraph IV certification, Amneal admits that it has knowledge of the '245 Patent.

41.     The February 21, 2017 Notice Letter does not allege and does not address unenforceability of any claims of the '245 Patent. By not addressing unenforceability of any claims of the '245 Patent in its February 21, 2017 Notice Letter, Amneal admits that all of the claims of the '245 Patent are enforceable.

## COUNT 2
### Infringement of U.S. Patent No. 6,703,396

42.     Plaintiffs repeat and reallege paragraphs 1-41 above as if set forth herein.

43.     On information and belief, Amneal submitted or caused to be submitted ANDA No. 209721 to the FDA seeking approval to engage in the commercial manufacture, use, sale and/or importation of tablets containing 200 mg of emtricitabine and 300 mg tenofovir disoproxil fumarate for the purpose of treating HIV infection.

44.     In its February 21, 2017 Notice Letter, Amneal notified Plaintiffs that it had submitted ANDA No. 209721 to the FDA seeking approval to engage in the commercial manufacture, use, sale and/or importation of tablets containing 200 mg of emtricitabine and 300 mg tenofovir disoproxil fumarate prior to the expiration of the '396 Patent.  This complaint has been filed within 45 days of Plaintiffs' receipt of the February 21, 2017 Notice Letter.

45.     In its February 21, 2017 Notice Letter, Amneal notified Plaintiffs that, as a part of its ANDA No. 209721, it had filed a Paragraph IV certification with respect to the '396 Patent. Paragraph IV requires, *inter alia*, certification by the ANDA applicant, in its opinion and to the best of its knowledge, that the subject patent, here the '396 Patent, "is invalid or will not be infringed by the manufacture, use or sale of the new drug for which the application is submitted . . . ." The statute (21 U.S.C. § 355(j)(2)(B)(iv)(II)) also requires a Paragraph IV Notice Letter to "include a detailed statement of the factual and legal basis of the opinion of the applicant that the patent is invalid or will not be infringed." The FDA Rules and Regulations (21 C.F.R. § 314.95(c)(6)) further require that the detailed statement include "(i) [f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "(ii) [f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegations."

46.     Amneal alleged in its February 21, 2017 Notice Letter that Claims 1-7, 13, 15 and 16 of the '396 Patent are invalid and that Claims 8-12, 14 and 17-28 would not be infringed by the

commercial manufacture, use, sale and/or importation of its proposed product that is the subject of ANDA No. 209721.

47.     The February 21, 2017 Notice Letter does not allege non-infringement of Claims 1-7, 13, 15 and 16 of the '396 Patent.

48.     The February 21, 2017 Notice Letter does not provide the full and detailed statement of Amneal's factual and legal basis to support its non-infringement and invalidity allegations as to the '396 Patent.

49.     Accordingly, the February 21, 2017 Notice Letter fails to comply with the law, as specified in 21 U.S.C. § 355(j) and FDA rules and regulations, as specified in 21 C.F.R. § 314.95.

50.     By filing ANDA No. 209721 under 21 U.S.C. § 355(j) for the purposes of obtaining approval to engage in the commercial manufacture, use, sale and/or importation of tablets containing 200 mg of emtricitabine and 300 mg tenofovir disoproxil fumarate before the '396 Patent's expiration, Amneal has committed an act of infringement of the '396 Patent under 35 U.S.C. § 271(e)(2).

51.     On information and belief, Amneal lacked a good faith basis for alleging invalidity when ANDA No. 209721 was filed and when the Paragraph IV certification was made.  Amneal's ANDA and Paragraph IV certification is a wholly unjustified infringement of the '396 Patent.

52.     Amneal's submission of ANDA No. 209721 and service of the February 21, 2017 Notice Letter indicates a refusal to change its current course of action.

53.     On information and belief, the commercial manufacture, use, sale and/or importation of tablets containing 200 mg of emtricitabine and 300 mg tenofovir disoproxil fumarate for which Amneal seeks approval in ANDA No. 209721, if approved, will infringe one or more claims of the '396 Patent.

54.     On information and belief, Amneal will directly or indirectly infringe at least Claim 2 of the '396 Patent. Claim 2 recites "[emtricitabine] or a pharmaceutically acceptable salt, ester or salt of an ester thereof." On information and belief, Amneal will infringe Claim 2 of the '396 Patent because the product for which it seeks approval in ANDA No. 209721 will contain emtricitabine as the active ingredient. In its February 21, 2017 Notice Letter, Amneal does not allege that Claim 2 would not be infringed by the commercial manufacture, use, sale, offer for sale and/or importation of its proposed product that is the subject of ANDA No. 209721. For the same reasons, on information and belief, Amneal will also infringe Claims 1, 3-7, 13, 15 and 16 of the '396 Patent.

55.     On information and belief, the tablets containing 200 mg of emtricitabine and 300 mg tenofovir disoproxil fumarate for the use for which Amneal seeks approval in ANDA No. 209721, if approved, will infringe at least one claim of the '396 Patent, as described in the preceding paragraph. On information and belief, the manufacture of these tablets will occur at Amneal's active behest and with its intent, knowledge and encouragement. On information and belief, Amneal will actively encourage, aid and abet the manufacture of these tablets with knowledge that it is in contravention of Plaintiffs' rights under the '396 Patent. Further, by filing ANDA No. 209721 with a Paragraph IV certification, Amneal admits that it has knowledge of the '396 Patent.

56.     The February 21, 2017 Notice Letter does not allege and does not address unenforceability of any claims of the '396 Patent. By not addressing unenforceability of any claims of the '396 Patent in its February 21, 2017 Notice Letter, Amneal admits that all of the claims of the '396 Patent are enforceable.

## COUNT 3
## Infringement of U.S. Patent No. 8,716,264

57.     Plaintiffs repeat and reallege paragraphs 1-56 above as if set forth herein.

58.     On information and belief, Amneal submitted or caused to be submitted ANDA No. 209721 to the FDA seeking approval to engage in the commercial manufacture, use, sale and/or importation of tablets containing 200 mg of emtricitabine and 300 mg tenofovir disoproxil fumarate for the purpose of treating HIV infection.

59.     In its February 21, 2017 Notice Letter, Amneal notified Plaintiffs that it had submitted ANDA No. 209721 to the FDA seeking approval to engage in the commercial manufacture, use, sale and/or importation of tablets containing 200 mg of emtricitabine and 300 mg tenofovir disoproxil fumarate prior to the expiration of the '264 Patent.  This complaint has been filed within 45 days of Plaintiffs' receipt of the February 21, 2017 Notice Letter.

60.     In its February 21, 2017 Notice Letter, Amneal notified Plaintiffs that, as a part of its ANDA No. 209721, it had filed a Paragraph IV certification with respect to the '264 Patent. Paragraph IV requires, *inter alia*, certification by the ANDA applicant, in its opinion and to the best of its knowledge, that the subject patent, here the '264 Patent, "is invalid or will not be infringed by the manufacture, use or sale of the new drug for which the application is submitted . . . ." The statute (21 U.S.C. § 355(j)(2)(B)(iv)(II)) also requires a Paragraph IV Notice Letter to "include a detailed statement of the factual and legal basis of the opinion of the applicant that the patent is invalid or will not be infringed."  The FDA Rules and Regulations (21 C.F.R. § 314.95(c)(6)) further require that the detailed statement include "(i) [f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "(ii) [f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegations."

61.     Amneal alleged in its February 21, 2017 Notice Letter that Claims 1-17, 25, 33 and 34 of the '264 Patent are invalid and that Claims 18-24, 26-32 and 35-38 would not be infringed by the commercial manufacture, use, sale and/or importation of its proposed product that is the subject of ANDA No. 209721.

62.     The February 21, 2017 Notice Letter does not allege non-infringement of Claims 1-17, 25, 33 and 34 of the '264 Patent.

63.     The February 21, 2017 Notice Letter does not provide the full and detailed statement of Amneal's factual and legal basis to support its invalidity allegations as to the '264 Patent.

64.     Accordingly, the February 21, 2017 Notice Letter fails to comply with the law, as specified in 21 U.S.C. § 355(j) and FDA rules and regulations, as specified in 21 C.F.R. § 314.95.

65.     By filing ANDA No. 209721 under 21 U.S.C. § 355(j) for the purposes of obtaining approval to engage in the commercial manufacture, use, sale and/or importation of tablets containing 200 mg of emtricitabine and 300 mg of tenofovir disoproxil fumarate before the '264 Patent's expiration, Amneal has committed an act of infringement of the '264 Patent under 35 U.S.C. § 271(e)(2).

66.     On information and belief, Amneal lacked a good faith basis for alleging invalidity when ANDA No. 209721 was filed and when the Paragraph IV certification was made.  Amneal's ANDA and Paragraph IV certification is a wholly unjustified infringement of the '264 Patent.

67.     Amneal's submission of ANDA No. 209721 and service of the February 21, 2017 Notice Letter indicates a refusal to change its current course of action.

68.     On information and belief, the commercial manufacture, use, sale and/or importation of tablets containing 200 mg of emtricitabine and 300 mg of tenofovir disoproxil

fumarate for which Amneal seeks approval in ANDA No. 209721, if approved, will infringe one or more claims of the '264 Patent.

69.     On information and belief, Amneal will directly or indirectly infringe at least Claim 1 of the '264 Patent.  Claim 1 recites a "chemically stable fixed-dose combination comprising 300 mg of tenofovir disoproxil fumarate and 200 mg of emtricitabine wherein the combination exhibits less than 10% degradation of tenofovir disoproxil fumarate and emtricitabine after six months at 40° C./75% relative humidity when packaged and stored with silica gel dessicant at 40° C./70% relative humidity."[1]  On information and belief, Amneal will infringe Claim 1 of the '264 Patent because the product for which it seeks approval in ANDA No. 209721 will be a chemically stable, fixed-dose tablet containing 300 mg of tenofovir disoproxil fumarate and 200 mg of emtricitabine and will exhibit less than 10% degradation of tenofovir disoproxil fumarate and emtricitabine after six months at 40° C./75% relative humidity when packaged and stored with silica gel dessicant at 40° C./70% relative humidity.  In its February 21, 2017 Notice Letter, Amneal does not allege that Claim 1 would not be infringed by the commercial manufacture, use, sale, offer for sale and/or importation of its proposed product that is the subject of ANDA No. 209721.  For the same reasons, on information and belief, Amneal will also infringe at least Claims 2-17, 25, 33 and 34 of the '264 Patent.

70.     On information and belief, the tablets containing 200 mg of emtricitabine and 300 mg of tenofovir disoproxil fumarate for the use for which Amneal seeks approval in ANDA No. 209721, if approved, will infringe at least one claim of the '264 Patent, as described in the preceding paragraph.  On information and belief, the manufacture of these tablets and use of these tablets to treat HIV infection will occur at Amneal's active behest and with its intent, knowledge

---

[1] Claim 1 contains a clear typographical error in stating "70% relative humidity" in the last clause rather than "75% relative humidity."  Plaintiff Gilead will request that the Court correct this error.

and encouragement.  On information and belief, Amneal will actively encourage, aid and abet the manufacture of these tablets and use of these tablets to treat HIV infection with knowledge that it is in contravention of Gilead's rights under the '264 Patent.  Further, by filing ANDA No. 209721 with a Paragraph IV certification, Amneal admits that it has knowledge of the '264 Patent.

71.     The February 21, 2017 Notice Letter does not allege and does not address unenforceability of any claims of the '264 Patent.  By not addressing unenforceability of any claims of the '264 Patent in its February 21, 2017 Notice Letter, Amneal admits that all of the claims of the '264 Patent are enforceable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

(a)     A judgment declaring that the effective date of any approval of Amneal's ANDA No. 209721 under Section 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) be a date which is not earlier than the expiration of the '245 Patent or any later date of exclusivity to which Plaintiffs are or become entitled;

(b)     A judgment declaring that the effective date of any approval of Amneal's ANDA No. 209721 under Section 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) be a date which is not earlier than the expiration of the '396 Patent or any later date of exclusivity to which Plaintiffs are or become entitled;

(c)     A judgment declaring that the effective date of any approval of Amneal's ANDA No. 209721 under Section 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) be a date which is not earlier than the expiration of the '264 Patent or any later date of exclusivity to which Plaintiffs are or become entitled;

(d)     A judgment declaring that the '245 Patent remains valid and enforceable, and that one or more claims have been infringed by Amneal;

15

(e)     A judgment declaring that the '396 Patent remains valid and enforceable, and that one or more claims have been infringed by Amneal;

(f)     A judgment declaring that the '264 Patent remains valid and enforceable, and that one or more claims have been infringed by Amneal;

(g)     A permanent injunction against any infringement of the '245 Patent by Amneal, their officers, agents, attorneys and employees, and those acting in privity or contract with them;

(h)     A permanent injunction against any infringement of the '396 Patent by Amneal, their officers, agents, attorneys and employees, and those acting in privity or contract with them;

(i)     A permanent injunction against any infringement of the '264 Patent by Amneal, their officers, agents, attorneys and employees, and those acting in privity or contract with them;

(j)     A judgment that Amneal's conduct is exceptional in this case;

(k)     An award of reasonable attorney fees pursuant to 35 U.S.C. § 285;

(l)     To the extent that Amneal has committed any acts with respect to the subject matter claimed in the '245 Patent, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), an award of damages for such acts, which should be trebled pursuant to 35 U.S.C. § 284;

(m)     To the extent that Amneal has committed any acts with respect to the subject matter claimed in the '396 Patent, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), an award of damages for such acts, which should be trebled pursuant to 35 U.S.C. § 284;

(n)     To the extent that Amneal has committed any acts with respect to the subject matter claimed in the '264 Patent, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), an award of damages for such acts, which should be trebled pursuant to 35 U.S.C. § 284;

(o)     Costs and expenses in this action; and

(p)     Such other relief as this Court may deem proper.

Dated: April 6, 2017                              Respectfully submitted,


                                                  *s/ Liza M. Walsh*
                                                  Liza M. Walsh
                                                  WALSH PIZZI O'REILLY FALANGA LLP
                                                  One Riverfront Plaza
                                                  1037 Raymond Boulevard, Suite 600
                                                  Newark, New Jersey 07102
                                                  Tel: (973) 757-1100
                                                  Fax: (973) 757-1090

                                                  OF COUNSEL:

                                                  Christopher Borello *(pro hac vice forthcoming)*
                                                  Frederick Millett *(pro hac vice forthcoming)*
                                                  FITZPATRICK, CELLA, HARPE & SCINTO
                                                  1290 Avenue of the Americas
                                                  New York, NY 10104

                                                  *Attorneys for Plaintiffs Gilead Sciences, Inc. and*
                                                  *Emory University*

17

## RULE 11.2 CERTIFICATION

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending or anticipated litigation in any court or arbitration proceeding, nor are there any non-parties known to Plaintiffs that should be joined to this action.  In addition, I recognize a continuing obligation during the course of this litigation to file and to serve on all other parties and with the Court an amended certification if there is a change in the facts stated in this original certification.

Dated: April 6, 2017                    WALSH PIZZI O'REILLY FALANGA LLP


By:   *s/ Liza M. Walsh*
      Liza M. Walsh
One Riverfront Plaza
1037 Raymond Boulevard, Suite 600
Newark, New Jersey 07102
Tel: (973) 757-1100
Fax: (973) 757-1090

OF COUNSEL:

Christopher Borello *(pro hac vice forthcoming)*
Frederick Millett *(pro hac vice forthcoming)*
FITZPATRICK, CELLA, HARPE & SCINTO
1290 Avenue of the Americas
New York, NY 10104

*Attorneys for Plaintiffs Gilead Sciences, Inc. and Emory University*

**RULE 201.1 CERTIFICATION**

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in

that the Plaintiffs seek, inter alia, injunctive relief.

Dated: April 6, 2017                              WALSH PIZZI O'REILLY FALANGA LLP


By:  *s/ Liza M. Walsh*
　　　　　　Liza M. Walsh
One Riverfront Plaza
1037 Raymond Boulevard, Suite 600
Newark, New Jersey 07102
Tel: (973) 757-1100
Fax: (973) 757-1090

OF COUNSEL:

Christopher Borello *(pro hac vice forthcoming)*
Frederick Millett *(pro hac vice forthcoming)*
FITZPATRICK, CELLA, HARPE & SCINTO
1290 Avenue of the Americas
New York, NY 10104

*Attorneys for Plaintiffs Gilead Sciences, Inc. and*
*Emory University*